Kingstown Capital Mgt. L.P. v CPI Prop. Group, S.A. (2022 NY Slip Op 03064)

Kingstown Capital Mgt. L.P. v CPI Prop. Group, S.A.

2022 NY Slip Op 03064

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Index No. 153862/20 Appeal No. 15890 Case No. 2021-01696 

[*1]Kingstown Capital Management L.P., et al., Plaintiffs-Appellants,
v
CPI Property Group, S.A., et al., Defendants-Respondents.

Boies Schiller Flexner LLP, New York (Matthew L. Schwartz of counsel), for appellants.
Hogan Lovells US LLP, New York (Seth M. Cohen of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 6, 2021, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.
In 2012, plaintiff Kingstown Capital Management L.P. acquired an interest in OCRO, a Luxemburg-based real estate development company. Plaintiffs allege that through a series of corrupt and fraudulent transactions, defendant Radovan Vitek, a Czech Republic citizen, obtained a majority stake in OCRO, which he restructured to form defendant CPI Property Group S.A. (CPIPG), and Kingstown was ultimately forced to sell its shares in ORCO at a substantial loss. As a result, plaintiffs commenced an action against defendants in the Southern District of New York. CPIPG issued a press release stating that plaintiffs had acted improperly in filing the federal action; as a result of that press release, plaintiffs commenced this action seeking damages for defamation.
Plaintiffs failed to establish personal jurisdiction over defendants under CPLR 302(a)(1), New York's long-arm statute, as they did not show that defendants engaged in purposeful activities in New York, conducted or transacted business in this state, or availed themselves of the benefits of New York law (see SPCA of Upstate N.Y., Inc. v American Working Collie Assn., 18 NY3d 400, 404 [2012]; Copp v Ramirez, 62 AD3d 23, 28 [1st Dept 2009], lv denied 12 NY3d 711 [2009]). What plaintiffs describe as a press "campaign" was a single press release, which was distributed to a German newswire service, DGAP; in turn, DGAP distributed the press release to its 20 or so international outlets, including Bloomberg. Plaintiffs maintain that defendants intended the press release to reach a New York audience because they knew that, by using DGAP to distribute the press releases, Bloomberg would publish the press release in New York County. However, placing allegedly defamatory content on the internet and making it accessible to the public does not constitute the transaction of business in New York, even when it is likely that the material will be read by New Yorkers (see Symmetra Pty Ltd. v Human Facets, LLC, 2013 WL 2896876 at *9, 2013 US Dist LEXIS 83428, [SD NY June 13, 2013, No. 12-Civ-8857 (SAS)]).
Further, plaintiffs failed to demonstrate an articulable nexus between defendants' New York activities and the cause of action for defamation (see SPCA of Upstate N.Y., 18 NY3d at 405). Beyond an allegation in the federal action that several phone calls and emails were exchanged and a meeting held in New York in anticipation of a deal (which was ultimately consummated in Europe), nothing in the record suggests that defendants conceived, drafted, published, or distributed the press release in this state (see Copp, 62 AD3d at 29).
Discovery on the jurisdictional issue is not warranted because plaintiffs failed to make a "sufficient start" in demonstrating the existence of long-arm jurisdiction over [*2]defendants (Concotilli v Brown, 168 AD3d 426, 426 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022